1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7

BARBARA LATAWIEC,

8

     Plaintiff(s),

9

v.

10

WALMART, INC.,

11

     Defendant(s).

Case No. 2:21-cv-01429-JAD-NJK

**Order**

[Docket No. 15]

12
13

     Pending before the Court is a stipulation to extend the deadlines in the scheduling order by 90 days.  Docket No. 15.

14
15
16
17
18
19

     A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  A request to revive expired deadlines requires an additional showing of excusable neglect.  Local Rule 26-3; *see also Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

20
21
22
23
24
25
26

     The deadline to amend or add parties expired on October 19, 2021.  *See* Docket No. 11 at 2.  The stipulation does not address the excusable neglect standard, nor explain why the request could not have been filed before this deadline expired.  As such, the request to reopen and extend the deadline to amend or add parties will be denied.  *E.g.*, *Branch Banking*, 871 F.3d at 765 ("Absent any explanation for the delay [in seeking relief], the district court acted within its discretion in concluding that Defendants' neglect was not excusable and thus in denying the motion to extend the deadline").[1]

27
28

---

[1] To be clear, the parties are not precluded from seeking leave to amend simply because this deadline has expired.  Instead, to the extent a need to amend arises in the future, the moving

With respect to the remaining deadlines, the stipulation indicates that Defendant has to date been able to disclose only truncated clips of surveillance videos and that defense counsel is in the process of trying to secure more complete videos.  *See* Docket No. 15 at 2.[2]  The Court finds this reasoning suffices for a 30-day extension, as opposed to a 90-day extension.

Accordingly, the stipulation for extension is **GRANTED** in part and **DENIED** in part.[3]  Deadlines are hereby **RESET** as follows:

- Deadline amend/ add parties:  Closed

- Initial experts:  December 18, 2021

- Rebuttal experts:  January 17, 2022

- Discovery cutoff:  February 16, 2022

- Dispositive motions:  March 18, 2022

- Joint proposed pretrial order:  April 18, 2022, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 29, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

papers must establish a sufficient basis for modifying the scheduling order.  *E.g.*, *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017).

[2] The stipulation also references generalized logistical issues related to the pandemic. These same conditions existed last month when the parties filed a discovery plan and the Court issued its scheduling order, so it is unclear why these pandemic conditions would justify an extension, let alone a 90-day extension.  *See, e.g.*, *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (explaining that the good cause inquiry may address whether the need for an extension arose "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference").  At any rate, generalized reference to the pandemic is not good cause for an extension.  *Cf. Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020).

[3] The stipulation references the need to file a stipulated protective order.  Crafting a stipulated protective order is a routine matter that does not require significant time or resources. *E.g.*, *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2014 U.S. Dist. Lexis 206171, at *6  n.1 (D. Nev. Oct. 24, 2014).  The parties are ORDERED to file a stipulated protective order by November 5, 2021.